| | |
|---|---|
| AERIAL ADVENTURE TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| C3 MANUFACTURING, LLC, et. al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Plaintiff's Motion to Remand" (Doc. No. 20) and the parties' briefs and exhibits. (Doc. Nos. 21, 25, & 26).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration. The Court has considered the Motion and the parties' briefs following a full briefing schedule. Accordingly, Plaintiff's request for expedited briefing is <u>denied as moot</u>. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Motion to Remand be <u>granted</u>. Further, the undersigned respectfully recommends that Watauga County Superior Court is the appropriate forum in the matter to rule on the pending Motions to Dismiss. (Doc. Nos. 11 & 13).

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Amended Complaint (Doc. No. 1-5) as true, this matter arises from Defendants' termination of a joint venture between the parties concerning the manufacture, distributorship, and sale of climbing equipment. <u>Id.</u> ¶¶ 7-15. In 2014, Defendant C3

Manufacturing, LLC appointed Plaintiff as its worldwide exclusive distributor, Id. ¶ 15, and that relationship evolved into a joint venture. Id. ¶¶24-36. Defendant Naranjo is C3's owner and principal. Id. ¶ 3.

On July 7, 2014, Defendant Naranjo on behalf of Defendant C3 signed a Distribution Agreement containing a mandatory forum selection clause stating:

> (g) Venue and Applicable Law: Manufacturer agrees that any lawsuit arising from a dispute between the parties will be filed and maintained exclusively in a court of proper jurisdiction in Watauga County, North Carolina, and the dispute shall be governed by the laws of the State of North Carolina, not including those which invoke the laws of another jurisdiction. Manufacturer hereby agrees to submit the jurisdiction of such court.

See Distribution Agreement, Ex. A to Am. Compl. at 28, Doc. No. 1-5; see also Am. Compl. ¶¶ 10-14.

On January 13, 2023, Plaintiff filed its Complaint in Watauga County Superior Court. On January 27, 2023, Plaintiff filed its Amended Complaint. Plaintiff seeks injunctive relief as well as damages pursuant to state law claims.

On February 9, 2023, Defendants removed the state court action to the United States District Court for the Western District of North Carolina asserting subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges that it is a North Carolina limited liability company, Defendant C3 is a Colorado limited liability company, and Defendant Naranjo is a Colorado citizen. Am. Compl. ¶¶1-3, Doc. No. 1-5. The amount in controversy exceeds $75,000. Id. ¶¶6, 86-87; see also Notice of Removal at ¶ 4, Doc. No. 1.

On March 8, 2023, Plaintiff filed its Motion to Remand contending that the forum selection clause limits the proper forum to a court located in Watauga County, that is, Watauga County Superior Court because there is no federal courthouse in Watauga County.

## II. STANDARD OF REVIEW

Although there are Motions to Dismiss pending (Doc. Nos. 11 & 13), the Motion to Remand must be addressed first because it determines which court should hear this dispute. See Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018); see also Docs Billing Sols., LLC v. GENETWORx LLC, No. 3:18-cv-35 (MHL), 2018 WL 4390786, *2 (E.D. Va. Aug. 30, 2018) (citing Bartels and noting that a forum selection "clause prevents a court from exercising jurisdiction over a case that it would otherwise be authorized to hear"), R. & R. adopted by 2018 WL 4390739.

"[A]n enforceable forum selection clause essentially operates as an affirmative defense to removal . . . prevent[ing] a court from exercising jurisdiction over a case." Bartels, 880 F.3d at 680. A forum-selection clause agreed upon by the parties "represents the parties' agreement as to the most proper forum" and "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 63 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. The party opposing the forum-selection clause bears the burden of showing that enforcement of the clause is unwarranted. Id. "[C]ourts enforce forum selection clauses unless it would be unreasonable to do so . . . ." BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018).

Remand is required where a forum selection clause makes a restriction to a geographic location where no federal courthouse exists. Bartels, 880 F.3d at 668, 678-79. The Fourth Circuit reasoned:

> Because there is no federal courthouse in the designated county, removal of the case to federal court would mean that the dispute would be resolved in a county other than the one designated by the contract. . . . <u>This court, of course, may not re-write the contract; our role is limited to enforcing the contract as written</u>.

<u>Id.</u> at 674 (emphasis added); <u>see also</u> <u>Docs Billing Sols., LLC</u>, 2018 WL 4390786, at *6 (citing <u>Bartels</u> and remanding case to Henrico County Circuit Court).

### III. ANALYSIS

Defendants first argue that the forum selection clause does not mandate an exclusive forum in Watauga County Superior Court and attempts to distinguish <u>Bartels</u> based on the definitions of "venue" versus "jurisdiction." This argument fails, however, because the plain language of the forum selection clause at issue includes a geographical limitation of choice of forum <u>in</u> Watauga County. <u>See</u> <u>Bartels</u>, 880 F.3d at 676. The forum selection clause specifically states "that any lawsuit arising from a dispute between the parties will be <u>filed and maintained exclusively</u> in a court of proper jurisdiction <u>in</u> Watauga County, North Carolina. . . ." <u>See</u> Distribution Agreement, Ex. A to Am. Compl. at 28, Doc. No. 1-5 (emphasis added). This means the proper forum for this cause of action lies in any state or federal courthouse <u>in</u> Watauga County, North Carolina. No federal courthouse exists in Watauga County, and therefore, removal to the federal court would be inconsistent with the contract as written because the litigation would have to proceed in a different county. To find otherwise would require the Court to rewrite the contract to permit a proceeding in a different geographic area, and the Court, recognizing its limited role to interpreting the contract as written, declines to re-write the contract. <u>See</u> <u>Bartels</u>, 880 F.3d at 674 (refusing to rewrite a similar contract provision); <u>see also</u> <u>Docs Billing Sols., LLC</u>, 2018 WL 4390786, at *3 (same).[1]

---

[1] Plaintiff does not allege federal claims nor do any appear from the record. As a result, the Court is not considering whether the existence of a federal claim would change the present analysis because that question is not before the Court.

Defendants then attempt to find relief by arguing that the contract, including the forum selection clause, is unenforceable. This argument also fails, however, because jurisdictional issues must be resolved prior to considering the larger issue of the entire contract's enforceability. See, e.g. Docs Billing Sols., LLC, 2018 WL 4390786, at *2 (remanding case to the state court and finding, among other things, that the forum selection clause was severable and the court would not consider enforceability of the larger agreement before addressing the jurisdictional issue); Comm Network Servs. Corp. v. COLT Telecomms., No. C 04–1283 MEJ, 2004 WL 1960174, at *4 (N.D. Cal. Sept. 3, 2004) ("To hold that the Forum-Selection Clause is invalid because the contract as a whole is invalid . . . requires the Court to assess the merits of the case. [This] analysis is clearly backwards.").

Defendants acknowledge in their brief that Defendant Naranjo signed on behalf of Defendant C3. Doc. 25 at 6. At the very least Defendant C3 agreed as the Manufacturer "that any lawsuit arising from a dispute between the parties will be filed and maintained exclusively in a court of proper jurisdiction in Watauga County, North Carolina." See Distribution Agreement, Ex. A to Am. Compl. at 28,Doc. No. 1-5. To allow Defendants to avoid their unambiguous agreement to limit their forum to Watauga County on the possibility that the Distribution Agreement may be found unenforceable would turn the analysis on its head.

Further, several courts have found that a forum selection clause is severable from the entire agreement. See, e.g. Docs Billing Sols., LLC, 2018 WL 4390786, at *2; Rucker v. Oasis Legal Fin., LLC, 632 F.3d 1231, 1237-38 (11th Cir. 2011) ("A forum selection clause is viewed as a separate clause that is severable from the agreement in which it is contained."); Marra v. Papandreou, 216 F.3d 1119, 1123(D.C. Cir. 2000) ("A forum selection clause is understood not merely as a contract provision, but as a distinct contract . . . ."). The Court similarly finds that the

forum selection clause here is severable. Defendants have offered no support to convince the Court otherwise.

Parties resisting enforcement of a forum selection clause must show that the clause is the product of fraudulent inducement or unfair practices, but no such showing has been made here by the Defendants. See Docs Billing Sols., LLC, 2018 WL 4390786, at *2 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972) and Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1296 (11th Cir. 1998)). Defendants did not even attempt to make such an argument in their briefing on this matter. (Doc. No. 25). Any further analysis about the enforceability of the contract should be decided by the court permitted to hear the merits of this litigation.

Neither may Defendants find relief because Defendant Naranjo signed the Distribution Agreement in his representative capacity. Remand is required because at least one Defendant is bound by the forum selection clause. See Docs Billing Sols., LLC, 2018 WL 4390786, at *5-6 (finding that remand was necessary because at least one Defendant was bound by a forum selection clause). "A mandatory forum selection clause constitutes a waiver by the contracting defendant of his or her right to removal." Id. (citing Bartels, 880 F.3d at 681 and 28 U.S.C. § 1446(b)(2)(A); Chi. Rock Island & P. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900); Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006)). One defendant's waiver of removal precludes removal for all defendants. Id. at 6 (citing Insight Holding Grp., LLC v. Sitnasuak Native Corp., 685 F. Supp. 2d 582, 590 (E.D. Va. 2010)).

Thus, the forum selection clause requires remand because Defendant C3 is bound and the clause acts as a waiver of its right to remove. Bartels, 880 F.3d at 681; Docs Billing Sols., LLC, 2018 WL 4390786, *5-6. Unless a limited exception applies, none of which are applicable here, removal must be joined by all defendants, and C3's waiver bars removal. 28 U.S.C. §

1446(b)(2)(A); Docs Billing Sols., LLC, 2018 WL 4390786, at *5; Insight Holding Grp., LLC, 685 F. Supp. at 590.[2]

Plaintiffs have demonstrated that removal is improper based on the forum selection clause in the Distribution Agreement agreed to by the Defendants. Bartels, 880 F.3d at 681. Defendants have failed to show that the forum selection clause was unreasonable or unjust, and have not submitted any other viable reason why the clause could be avoided. Docs Billing Sols., LLC, 2018 WL 4390786, at *4-5. For those and the other reasons stated in Plaintiff's briefs, the undersigned recommends that the Motion be granted. The Court declines to award attorneys' fees under 28 U.S.C. § 1447(c), and each party should bear its own costs.[3]

## IV. ORDER

1. Plaintiff's Motion for an expedited briefing schedule is **DENIED AS MOOT**.
2. Plaintiff's Motion for Attorneys' Fees is **DENIED**.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiff's Motion to Remand" (Doc. No. 20) be **GRANTED** and this matter be **REMANDED**

---

[2] The undersigned recognizes that in Bartels, the Court remanded "for reconsideration of the question of whether all of the Saber defendants are bound by the Franklin Manor forum-selection clause." 880 F.3d at 682 (emphasis added). However as the Court recognized there, it was applying the removal standards of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4 (codified in scattered sections of Title 28, United States Code). Id. at 674 ("Removal was therefore proper under CAFA if any one of the defendants was authorized to remove the case. Accordingly, the questions we must answer are whether the forum-selection clause prohibited removal, and, if so, whether all defendants are bound by the clause."); see also 28 U.S.C.A. § 1332 (d)(2)(A) (permitting removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1453(b) ("class action . . .may be removed by any defendant without the consent of all defendants"); Lowery v. Ala. Power Co., 483 F.3d 1184, 1221 (11th Cir. 2007) ("[A]ny one defendant authorized under CAFA to remove the plaintiffs' claims against that defendant ... may remove the action as a whole, regardless of whether other defendants in the action would be authorized to remove their claims."). Here, however, CAFA is not at issue and general removal principles apply.

[3] 28 U.S.C. § 1447(c) states that an order "may" require payment of attorney fees, but it is not mandatory.

to Watauga County Superior Court. The undersigned further respectfully recommends that the pending "Motion[s] to Dismiss" (Doc. Nos. 11 & 13) be resolved in that forum.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO RECOMMENDED.**

Signed: April 14, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge