IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00018-KDB-SCR

| | |
|---|---|
| AERIAL ADVENTURE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> C3 MANUFACTURING, LLC, ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand (Doc. No. 20), Defendants' Motions to Dismiss (Doc. Nos. 11, 13), the Memoranda and Recommendations ("M&R") of the Honorable United States Magistrate Judge Susan C. Rodriguez to grant the motion, (Doc. No. 27), and Defendants' objections (Doc. No. 29). The Court has carefully considered the Motion to Remand, the parties' briefs and other pleadings of record in this action. As discussed briefly below, the Court concludes after its *de novo* review that the recommendation in the M&R to grant the Motion to Remand is correct and in accordance with law because the parties contractually agreed that any dispute arising out of their commercial relationship would be filed and maintained in a court located in Watauga County, North Carolina. While the Western District of North Carolina encompasses Watauga County, this Court does not (and did not at the time of the relevant contract) have a courthouse in Watauga County. Thus, this Court does not have jurisdiction over this action, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and this action will be remanded to Watauga County North

1

Carolina Superior Court, where the State Court can properly address Defendants' Motions to Dismiss.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to remand. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Amended Complaint (Doc. No. 1-5) as true, this matter arises from Defendants' termination of a joint venture between the parties concerning the manufacture, distributorship, and sale of climbing equipment. *Id.* ¶¶ 7-15. In 2014, Defendant C3 Manufacturing, LLC appointed Plaintiff as its worldwide exclusive distributor, *Id.* ¶ 15, and that

relationship evolved into a joint venture. *Id.* ¶¶24-36. Defendant Naranjo is C3's owner and principal. *Id.* ¶ 3.

On July 7, 2014, Defendant Naranjo on behalf of Defendant C3 signed a Distribution Agreement containing a mandatory forum selection clause stating:

> (g) Venue and Applicable Law: Manufacturer agrees that any lawsuit arising from a dispute between the parties will be filed and maintained exclusively in a court of proper jurisdiction in Watauga County, North Carolina, and the dispute shall be governed by the laws of the State of North Carolina, not including those which invoke the laws of another jurisdiction. Manufacturer hereby agrees to submit the jurisdiction of such court.

*See* Distribution Agreement, Ex. A to Am. Compl. at 28, Doc. No. 1-5; *see also* Am. Compl. ¶¶ 10-14.

On January 13, 2023, Plaintiff filed its Complaint in Watauga County Superior Court. On January 27, 2023, Plaintiff filed its Amended Complaint. Plaintiff seeks injunctive relief as well as damages pursuant to state law claims. On February 9, 2023, Defendants removed the state court action to this Court asserting subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiff alleges that it is a North Carolina limited liability company, Defendant C3 is a Colorado limited liability company, and Defendant Naranjo is a Colorado citizen. Am. Compl. ¶¶1-3, Doc. No. 1-5. The amount in controversy exceeds $75,000. *Id.* ¶¶6, 86-87; *see also* Notice of Removal at ¶ 4, Doc. No. 1.

On March 8, 2023, Plaintiff filed its Motion to Remand contending that the forum selection clause limits the proper forum to a court located in Watauga County, that is, Watauga County Superior Court because there is no federal courthouse in Watauga County.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court

3

is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction").

Further, "an enforceable forum selection clause … prevents a court from exercising jurisdiction over a case." *See Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018); *see also Docs Billing Sols., LLC v. GENETWORx LLC*, No. 3:18-cv-35 (MHL), 2018 WL 4390786, *2 (E.D. Va. Aug. 30, 2018) (citing *Bartels* and noting that a forum selection "clause prevents a court from exercising jurisdiction over a case that it would otherwise be authorized to hear"), R. & R. adopted by 2018 WL 4390739. Indeed, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). The party opposing the forum-selection clause bears the burden of showing that enforcement of the clause is unwarranted. *Id*. "[C]ourts enforce forum selection clauses unless it would be unreasonable to do so . . . ." *BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018).

The Court agrees with the Magistrate Judge that remand is required here because the forum selection clause included in the parties' contract restricts this action to Watauga County, a

geographic location where no federal courthouse exists. *See Bartels*, 880 F.3d at 668, 678-79. In *Bartels*, the court explained:

> Because there is no federal courthouse in the designated county, removal of the case to federal court would mean that the dispute would be resolved in a county other than the one designated by the contract. . . . This court, of course, may not re-write the contract; our role is limited to enforcing the contract as written.

*Id*. at 674.

The plain language of the parties' forum selection clause specifically states "that any lawsuit arising from a dispute between the parties will be *filed and maintained exclusively in a court* of proper jurisdiction *in* Watauga County, North Carolina. . . ." *See* Distribution Agreement, Ex. A to Am. Compl. at 28, Doc. No. 1-5 (emphasis added). There is no federal courthouse in Watauga County nor was there a federal courthouse in that county at the time of the parties' contract. Therefore, to fairly enforce the parties' clear intent as expressed in the language of their agreement, the Court concludes that this action is required to be brought and adjudicated in a state court in Watauga County.[1] Because of that agreed state court forum, this Court lacks jurisdiction over this action and must remand it to Watauga County Superior Court.

Having determined that the case must be remanded, the Court will not reach the merits of Defendants' motions to dismiss, which should be resolved in state court.[2]

---

[1] The Court further agrees with the Magistrate Judge's conclusion that the forum selection clause is enforceable against at least one defendant and adopts that analysis here. *See* Doc. No. 27 at 5-7.

[2] To be clear, the Court has not considered and does not express any opinion as to the merits of Plaintiff's claims.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The findings and conclusions of the Magistrate Judge in the M&R, (Doc. No. 27), are adopted;

2. Plaintiff's Motion to Remand (Doc. No. 20) is **GRANTED;**

3. This case is **REMANDED** pursuant to 28 U.S.C § 1447(c) to the General Court of Justice, Superior Court Division for the County of Watauga, North Carolina, for further proceedings;

4. Plaintiff's request for an award of attorneys' fees and costs is **DENIED**;

5. A ruling on Defendants' Motions to Dismiss (Doc. Nos. 11, 13) is deferred, those motions being left for the state court to resolve following remand; and

6. The clerk is directed to close this case and to transmit a certified copy of this order to the clerk of the General Court of Justice, Superior Court Division, Watauga County, North Carolina.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 18, 2023

Kenneth D. Bell
United States District Judge